MOISE, Justice
(dissenting).
Two negatives can never make an affirmative. The State, in the exercise of its police power, sought to regulate the conduct of a Parish policeman — the sheriff — on a subject of general public welfare and for the promotion of good morals, when it enacted Act No. 94 of 1902, which prohibits Parish policemen and their aides from purchasing property at tax sales, and-that when *59 so purchasing the prohibited sale is null and void. In the instant case, it is an admitted fact that the statute was violated by the sheriff. The Constitution of 1921 — Article 19, Section 18 — is a commandment issued to this Court by the State, that the “exercise of the police power of the State shall never be abridged.” In the instant case, the Court declared that Act No. 94 of 1902 was inoperative and repealed, insofar as the prohibitions imposed on the sheriff by the legislature were concerned. There are two negative predicates. The first is “Thou shalt not purchase”; the second is “Thou shalt not abridge the police power”. By this decision, in effect, the court rules we have an affirmative. The decision was based on Article 10, Sec. 11 of the Constitution of 1921, which Article of the Constitution does not have the remotest connection with the duty of public officers nor the exercise of police powers by the State. This statute has as its object the curtailment of the unlimited power of the sheriff who could so easily commit fraud. The Legislature felt that it did not have confidence in all Parish policemen and sought to bind them down from mischief by the chains of the police regulatory law.
Act No. 94 of 1902 prohibits purchases by sheriffs and makes such purchases null and void ab initio. The constiutional peremption .deals with not prohibited purchases at tax sale, but permissive ones, and grants certain peremptions in law. The one is a statute of repose for purchases in good faith and good morals, the other is a prohibition on Parish policemen, to prevent fraud.
The Court relies on the case of Close v. Rowan, 171 La. 263, 130 So. 350, as an authority for the decision here. It must be observed that the court in the Close-Rowan case and the Court in the instant case both overlooked the first ruling in Pitre v. Haas, 110 La. 163, 34 So. 361, 367. In the Pitre case the court specifically held that the constitutional provisions cannot be invoked by the particular person (sheriff) because he has precluded himself from doing so by his own conduct.
The maxim of law as old as Justinian- — • “Quod ab initio non valet in tractu temporis non convalesait” — That which was originally void does not by lapse of time become valid. A dead thing is dead. There -can be no resurrection.
Our Code speaks prophetically on the subject — Art. 12, LSA-C.C. “Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed.”
Article 1892, LSA-C.C., provides: “That is considered as morally impossible, which is forbidden by law, or contrary to morals. All contracts having such an object are void.”
It is true that the Pitre v. Haas case, supra, is an old one [the first construction] but the principle application of the constitutional provision of that day and .this day *61 are similar as to peremption. The first decision held:
“Should, however, a person connected with the tax collector’s or assessor’s office make use of the opportunities which such a situation would afford him to obtain advantages which work in his own favor and to the injury of others, he must not expect to obtain the assistance of courts in working out his purposes
The' Pitre casé further held:
“We think, in view of the situation disclosed in this record, that the passage of Act No. 94, p. 149, of 1902, prohibiting in the future any sheriff, tax collector, or their deputies, or any other officer, state, municipal, or parochial, whose duties are to assess or collect taxes, from buying, either directly or indirectly, any property sold or'offered for sale for taxes, and making any sale to such officer null a-nd void, is a salutary one.”
Anyhow, I believe that when the rules of morality have been duly tested by experience and have been found to be inconsistent with'the. sense of justice and the general public welfare that there should be less hesitation and frank avowal and full abandonment of the Rowan case.
I respectfully dissent.